## No. 410.

### C. H. MORRISON *v.* A. F. FLOURNOY & CO.

Where the debt and contract on which a judgment was obtained existed prior to the Constitution of 1868, article 132 of that instrument is not applicable, and, therefore, the judgment does not fall within the provisions of the act No. 40, approved February 24, 1869.

Article 132 of the Constitution is not self-acting, and can only have effect in the manner provided by statute.

When there was no law authorizing the Sheriff to advertise and sell, as he did, the cotton plantation of the plaintiff under the judgment of the defendants, in lots of from ten to fifty acres, disregarding the plaintiff's notice that he desired it sold in block and not according to the advertisement; and where, in defense of his act, the Sheriff contended that, before the day of sale, he had notified the plaintiff to inform him whether he desired the property thus advertised to be sold in lots or in block, and that plaintiff, having refused to give any instructions, had no cause to complain;

Held—That in forced sales the forms of law must be strictly complied with, and that, in this case, the defect in the Sheriff's proceedings could not be cured in the manner attempted by him.

Property advertised to be sold in lots of from ten to fifty acres could not be legally sold in block, and the plaintiff, at this stage of the proceedings, was not bound to give any directions to the Sheriff, or to give any consent as to the manner of selling his property.

He had the right to require a legal advertisement, and was not bound to waive it by giving instructions to the Sheriff concerning the sale.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Ray*, J. *Morrison & Farmer*, for plaintiff and appellee. *R. G. Cobb*, for defendants and appellants.

WYLY, J. This case is correctly stated by the counsel of the plaintiff, and is as follows:

The defendant held a judgment against the plaintiff; sued out a *fieri facias*, and seized a cotton plantation belonging to plaintiff in injunction.

The Sheriff advertised the property for sale, to be sold in lots of not less than ten nor more than fifty acres.

This sale was injoined on the ground, among others, that the defend-

ant in execution had notified the Sheriff that he wished the property sold in block; that the (contract) debt on which the judgment was obtained existed previous to the adoption of the Constitution of 1868. Article 132 did not for that reason apply.

After the injunction had been issued and served, and while it was pending, the plaintiff in execution returned the *fi. fa.*, and sued out an *alias* writ.

On this second execution the sheriff relevied upon the same property. As soon as this last seizure was made, defendant in execution served a notice on the Sheriff that he desired the property sold in block.

Notwithstanding this notice, the former injunction, and the law, the Sheriff proceeded to advertise the property for sale again, to be sold in lots, as in the first instance.

The defendant in execution then sued out the present injunction, averring that it was illegal, irregular, and harassing for defendants in injunction to return the first execution, and to proceed in the execution of the second in the manner they had been restrained from doing under the first, until the issues made by the injunction then pending had been disposed of;

That it was the wish of defendant in execution to have his property sold, if at all, in block; that it had on it a standing crop, and to sell it in lots would be greatly to the damage of petitioner;

That the law authorized him to have it sold in block; the debt and contract on which the judgment was obtained existed prior to the Constitution of 1868; therefore article 132 was not applicable.

Defendants answered by admitting the seizure and advertisement of the property to be sold in lots, as alleged, but averred the correctness and legality of the proceedings.

The court perpetuated the injunction, and defendants have appealed.

The contract on which the judgment was based existed before the constitution of 1868. Therefore this judgment does not fall within the provisions of the act No. 40, approved February 24, 1869.

In Bowie *v.* Lott, 24 An. 214, this court held that article 132 of the constitution, which provides that "all lands sold in pursuance of decrees of courts shall be divided in tracts of from ten to fifty acres," is not self-acting, and can only have effect in the manner and to the effect provided by statute. There are other decisions to the same effect.

There was, therefore, no law authorizing the sheriff to advertise and sell the cotton plantation of the plaintiff under the judgment of the defendants in lots of from ten to fifty acres, the plaintiff having notified him that he desired it sold in block.

Morrison v. Flournoy & Co.

But the defendants contend, that before the day of sale the sheriff notified the plaintiff to inform him whether he desired the property sold in lots or in block, and the plaintiff having refused to give any instructions, has no cause to complain.

In forced sales the forms of law must be strictly complied with.

The sheriff in this case had advertised the property to be sold in lots of from ten to fifty acres, notwithstanding the plaintiff notified him he desired it sold in block.

This defect could not be cured in the manner attempted by the sheriff. Property advertised to be sold in lots of from ten to fifty acres, could not be legally sold in block. The plaintiff, at this stage of the proceedings, was not bound to give any directions to the sheriff, or to give any consent as to the manner of selling his property.

He had the right to require a legal advertisement, and he was not bound to waive it by giving instructions to the sheriff concerning the sale.

Judgment affirmed.